**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

KIRK FRANKLIN WILLIAMS,

Plaintiff,

v.

FIDELITY BANK, *et al.*,

Defendants.

Case No. 26-1226-AWM-BGS

**ORDER DENYING *PRO SE* MOTIONS**

*Pro se* Plaintiff has filed a Motion for Arrest (Doc. 10) and a Motion to Amend to Class Action (Doc. 11). Neither motion, however, is specific as to the particular relief sought, making it impossible for the Court to grant them. The motions are **DENIED**.

As to the Motion for Arrest, Plaintiff merely indicates that per Fed. R. Civ. P. 3, Defendants have "48 hours to comply upon receipt of this writing or be in contempt." (Doc. 10, at 1.) To the extent Plaintiff is requesting the Court take punitive action against the named Defendants, such relief is inappropriate at this time. The undersigned Magistrate Judge entered her Report & Recommendation to the District Judge that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction. (Doc. 7.) That recommendation is currently pending before District Judge Mattivi.

In the Order granting Plaintiff's application for to proceed without payment of fees (Doc. 6), the undersigned Magistrate Judge instructed that because of the Report & Recommendation of Dismissal, the Clerk's office would not proceed to issue summons in this case at this time absent further Order from the Court. Therefore, to the extent Plaintiff is attempting to serve process on the Defendants, service has not been authorized given the pending Report & Recommendation of

Dismissal. As such, Defendants have yet to be served with Plaintiff's Complaint and there is no basis for the Court to find them to "be in contempt," as Plaintiff has requested.

As to Plaintiff's Motion to Amend to Class Action (Doc. 11), there is no clear indication was to what exactly Plaintiff is attempting to accomplish. The motion merely consists of citations to various sections of the U.S. Code and certain religious texts. (*See generally* Doc. 11.) There is no factual statement or legal argument. There is no request for relief other than the title of the motion. Further, to the extent Plaintiff is attempting to amend his Complaint, he has failed to comply with the relevant federal and local rules regarding motions to amend. *See* Fed. R. Civ. P. 15 and D. Kan. Rule 15.1.

It is well-established in the District of Kansas that a *pro se* litigant's filings are to be liberally construed and are held to a less stringent standard. *Keehner v. Dunn*, 409 F. Supp. 2d 1266, 1269 (D. Kan. 2005) (citation omitted). "This rule requires the Court to look beyond a failure to cite proper legal authority, confusion of legal theories, and poor syntax or sentence construction." *Id.* (citation omitted).

That stated, the Court is not authorized to be an advocate for the *pro se* litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). "Despite the liberal construction afforded *pro se* pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir.1991). "Moreover, plaintiffs are not excused from compliance with fundamental rules of procedure because they are proceeding *pro se*." *Keehner*, 409 F. Supp. at 1269 (citation omitted). In other words, *pro se* litigants are required to follow the Federal Rules of Civil Procedure and District of Kansas local rules. *Id.* Plaintiff has failed to do so. His motions are, therefore, **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Arrest (Doc. 10) and Motion to Amend to Class Action (Doc. 11) are **DENIED**.

**IT IS SO ORDERED.**

Dated August 19, 2026, at Wichita, Kansas.

/S/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge